1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   TYRONE ROGERS,                          Civil No.    11cv0666 BTM (PCL)
     CDCR #CV-35389;
12   MICHAEL ANTHONY LOPEZ,
     CDCR #H-30604
13
                               Plaintiffs,    **ORDER:**
14
                                              **(1) SEVERING CLAIMS AND PARTIES**
15                                            **PURSUANT TO FED.R.CIV.P. 21;**

16                                            **(2) DENYING MOTION FOR**
               vs.                            **APPOINTMENT OF COUNSEL**
17                                            **[ECF No. 3];**

18                                            **(3)  GRANTING PLAINTIFF**
                                              **ROGERS' MOTION TO PROCEED**
19   G.J. GIURBINO, URIBE DOMINGO, JR.;       *IN FORMA PAUPERIS* **[ECF No. 4],**
     N. GRANNIS; M. HODGES; DENNIS            **AND**
20   BROWN; ALICIA GARCIA; L. KASTNER;
     M. AYALA; B. NARVIS; D. FOSTON,          **(4) DISMISSING ACTION PURSUANT**
21                                            **TO 28 U.S.C. §§ 1915(e)(2) &  1915A**

22                             Defendants.

23

24

25          Plaintiffs, both inmates currently incarcerated at the Centinela State Prison, and

26   proceeding pro se, have filed a civil action pursuant to 42 U.S.C. § 1983.   Plaintiffs have also

27   have filed  Motions to Proceed *In Forma Pauperis* ("IFP"), along with a Motion to Appoint

28   Counsel.

                                          -1-

# I.

## FEDERAL RULE OF CIVIL PROCEDURE 21

As an initial matter, the Court notes that this action has been filed by two separate Plaintiffs who are currently incarcerated in the same institution.   It is often the case during the course of litigation filed by those who are incarcerated, that a plaintiff will transfer to different institutions.   If Plaintiffs were to be separated, which is a high probability, they would not be able to represent the interests of the other party.   Because Plaintiffs are proceeding pro se, they have no authority to represent the legal interest of any other party.   *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party.").   Thus, to attempt to litigate this action together in one action would lead to a great deal of procedural confusion and likely result in significant delays.   Thus, the Court severs the claims brought by Plaintiff Lopez from this action pursuant to FED.R.CIV.P. 21.

The Court will permit Plaintiff Rogers to proceed in this action and directs the Clerk of Court to open a new action with the Complaint [ECF No. 1], along with Plaintiff Lopez's Motion to Proceed *IFP* [ECF No. 2].

# II.

## MOTION TO PROCEED IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.   *See* 28 U.S.C. § 1914(a).   An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).   *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).   However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed.   *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4).  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### III.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983.

#### A.    Legal Mail

Plaintiff's allegations are far from clear.  However, Plaintiff alleges that he was "denied opportunity to receive legal mail at Centinela State Prison" on July 11, 2007.  (Compl. at 4.) Plaintiff fails to identify the party whom he claims is directly responsible for this alleged denial. In his Complaint, Plaintiff refers to the Petition for Writ of Habeas Corpus challenging his underlying criminal conviction that he filed in *Rogers v. Giurbino, et al.*, 06cv2549 H (NLS). A court "may take notice of proceedings in other courts, both within and without the federal

1    judicial system, if those proceedings have a direct relation to matters at issue." *United States*

2    *ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

3    In this matter, District Judge Marilyn Huff denied Plaintiff's Petition on July 11, 2007 which is

4    apparently the legal mail Plaintiff claims he was "denied the opportunity to receive." (Compl.

5    at 4.)  However, Plaintiff cannot state a claim on the basis that he did not receive mail from the

6    Courts.  *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) ("Mail from the courts, as

7    contrasted to mail from a prisoner's lawyer, is not legal mail.")

8         **B.    Access to Courts**

9         Plaintiff also appears to claim that he was denied adequate access to the courts.  In

10   *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of

11   access to the courts requires prison authorities to assist inmates in the preparation and filing of

12   meaningful legal papers by providing prisoners with adequate law libraries or adequate

13   assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

14   To establish a violation of the right to access to the courts, however, a prisoner must allege facts

15   sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions

16   of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a

17   result.  *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).  An "actual injury" is defined as "actual

18   prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing

19   deadline or to present a claim." *Id.* at 348.

20        Here, Plaintiff first describes three separate actions he filed in the Southern District of

21   California in which he filed Petitions for Writ of Habeas Corpus challenging his underlying

22   criminal conviction.  The first Petition, as stated above, was denied by the Court on July 11,

23   2007 (*See Rogers v. Giurbino, et al.* 06cv2549 H (NLS) July 11, 2007 Order Adopting Report

24   and Recommendation and Denying Petition for Writ of Habeas Corpus).  Plaintiff does not

25   allege that any of the named Defendants interfered with his ability to litigate that matter.  In fact,

26   the Court notes that Plaintiff filed objections to the Magistrate Judge's Report and

27   Recommendation and was able to file a Notice of Appeal.

28

1    The second Petition was filed in *Rogers v. Giurbino, et al.*, 07cv1839 H (PCL).  In that

2    matter, District Judge Huff dismissed Plaintiff's petition without prejudice finding that it was

3    second or successive to the petition Plaintiff filed in 2006.  Plaintiff was instructed to submit a

4    form application, which was provided, to the Ninth Circuit Court of Appeals seeking leave to

5    file a second or successive petition.  (*See Rogers v. Giurbino, et al.*, 07cv1839 H (PCL) Order

6    Adopting Report and Recommendation and Dismissing, without prejudice, Petition for Writ of

7    Habeas Corpus dated Mar. 10, 2008).

8    Plaintiff does not claim that any of the named Defendants interfered with his litigation

9    of the matter filed in 2007.  Plaintiff does not state in his Complaint whether he filed this form

10   application with  the Ninth Circuit, instead Plaintiff alleges that on January 3, 2009 he "filed the

11   unexhausted claim in the San Diego Superior Court concerning the denial of this Court's 7-11-

12   07, case no. 06-CV-2549."  (Compl. at 5.)  Plaintiff then filed a petition with the California

13   Supreme Court on July 30, 2009 which was denied on December 28, 2009.  (*Id.*)

14   Plaintiff's claims he was denied access to the Courts on February 26, 2010 because he

15   was not permitted access to the law library to research the denial of his petition by the California

16   Supreme Court.  (*Id.*)  Plaintiff was then able to file his third petition challenging his underlying

17   criminal conviction in the Southern District on March 30, 2010.  Once again, Plaintiff's petition

18   was dismissed as second or successive.  Plaintiff was again told that he must obtain an order

19   from the Ninth Circuit Court of Appeals granting him permission to file a second or successive

20   petition and he was supplied with the necessary form.  (*See Rogers v. Domingo, et al.*, 10cv0707

21   MMA (BLM) Summary Dismissal of Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)

22   Gatekeeper Provision dated Apr. 26, 2010).  Plaintiff's second claim that he was denied access

23   comes after this dismissal was filed whereby he claims that he was denied access to the law

24   library on May 6, 2010 to research filing a "writ of habeas corpus (brief) to the United States

25   Ninth Circuit Court, FRAP 31(a)(1)."  (Compl. at 5.)

26   While not entirely clear, it appears that Plaintiff claims the Ninth Circuit Court of Appeals

27   rejected his attempts to file his second or successive petition because of a lack of "diligence"

28   caused by prison officials refusal to allow him to use the law library in 2010.  (*Id.*  at 5-6.)

However, a review of Plaintiff's filings with the Ninth Circuit Court of Appeal demonstrate that Plaintiff filed an application for leave to file a second or successive petition on November 28, 2007. *See Rogers v. Almager, et al.*, No. 07-74653 (9th Cir. Nov. 29, 2007). This application was denied by the Ninth Circuit Court of Appeals on January 15, 2008, well before Plaintiff's claims that he was denied access to the prison's law library.

Thus, the Court finds that Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Therefore, the Court finds that Plaintiff has failed to state an access to courts claim.

## IV.

### CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1) The claims brought by Plaintiff Lopez are severed from this action pursuant to FED.R.CIV.P. 21. Plaintiff Rogers shall proceed as the sole Plaintiff in this action.

(2) The Clerk of Court is directed to open a new civil action with the Complaint [ECF No. 1] with Michael Anthony Lopez as the Plaintiff and file Lopez' Motion to Proceed *IFP* [ECF No. 2], along with his Motion to Appoint Counsel [ECF No. 3] in the separate action.

**IT IS FURTHER ORDERED that:**

(3) Plaintiff Rogers Motion to Appoint Counsel is **DENIED** without prejudice.

(4) Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 3] is **GRANTED**.

(5)     The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff Rogers' prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(6)     The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

(7)     Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

(8)     The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED:  May 17, 2011

Honorable Barry Ted Moskowitz
United States District Judge