UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS, CDCR #CV-35389; | Civil No.   11cv0666 BTM (PCL) |
| Plaintiffs, | **ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) &  1915A** |
| vs. | |
| G.J. GIURBINO, URIBE DOMINGO, JR.; N. GRANNIS; M. HODGES; DENNIS BROWN; ALICIA GARCIA; L. KASTNER; M. AYALA; B. NARVIS; D. FOSTON, | |
| Defendants. | |

**I.     Procedural History**

This action was initially filed by two Plaintiffs, Tyrone Rogers and Michael Anthony Lopez. Both Plaintiffs were incarcerated at Centinela State Prison and are proceeding pro se. Prior to conducting the required sua sponte screening, the Court severed the action, dismissed Plaintiff Michael Anthony Lopez and directed the Clerk of Court to open a new action with the Complaint along with Lopez' Motion to Proceed *in forma pauperis* ("IFP"). *See* May 17, 2011 Order. Thus, all the claims pertaining to Plaintiff Lopez were addressed in a separate Order in

the new action and the only remaining claims in the original action are those that pertain to Plaintiff Rogers.[1]

On May 27, 2011, the Court granted Plaintiff Rogers Motion to Proceed IFP, denied his Motion for Appointment of Counsel and sua sponte dismissed his Complaint. *See* May 17, 2011 Order at 6-7. Plaintiff was granted leave to file an Amended Complaint. *Id.* Plaintiff has now filed an Amended Complaint along with a renewed Motion to Appoint Counsel.

**II.     Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

As the Court stated in its previous Order, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

Plaintiff alleges that his access to the courts was denied because Defendants failed to deliver his legal mail to him. (FAC at 3.) In his Complaint, Plaintiff refers to the Petition for Writ of Habeas Corpus challenging his underlying criminal conviction that he filed in *Rogers v. Giurbino, et al.*, 06cv2549 H (NLS). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation

---

[1] Plaintiff Lopez is proceeding in *Lopez v. Giurbino, et al.*, S.D. Cal. Civil Case No. 11cv1079 BTM (PCL).

to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). In this matter, District Judge Marilyn Huff denied Plaintiff's Petition on July 11, 2007 which is the legal mail Plaintiff claims he did not receive.

In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348.

Here, Plaintiff first describes three separate actions he filed in the Southern District of California in which he filed petitions for writs of habeas corpus challenging his underlying criminal conviction. The first Petition, as stated above, was denied by the Court on July 11, 2007 (*See Rogers v. Giurbino, et al.* 06cv2549 H (NLS) July 11, 2007 Order Adopting Report and Recommendation and Denying Petition for Writ of Habeas Corpus.) In that matter, the Court notes that Plaintiff filed objections to the Magistrate Judge's Report and Recommendation and was able to file a Notice of Appeal. The Ninth Circuit, in this matter, denied Plaintiff's certificate of appealability and denied Plaintiff's subsequent motion for reconsideration. (*See Rogers v. Giurbino*, 9th Cir. Ct. Appeal Doc. No. 07-56731.)

The second Petition was filed in *Rogers v. Giurbino, et al.*, 07cv1839 H (PCL). In that matter, District Judge Huff dismissed Plaintiff's petition, without prejudice, finding that it was second or successive to the petition Plaintiff filed in 2006. Plaintiff was instructed to submit a form application, which was provided, to the Ninth Circuit Court of Appeals seeking leave to file a second or successive petition. (*See Rogers v. Giurbino, et al.*, 07cv1839 H (PCL) Order Adopting Report and Recommendation and Dismissing, without prejudice, Petition for Writ of

1  Habeas Corpus dated Mar. 10, 2008.)  That request was also denied by the Ninth Circuit.  (*See*
2  *Rogers v. Almager, et al.*, 9th Cir. Ct. Appeal Doc. No. 07-74653.)

3  The third Petition filed by Plaintiff was in *Rogers v. Domingo, et al.*, 10cv0707 MMA
4  (BLM). Once again, Plaintiff's Petition was dismissed without prejudice finding that it was
5  second or successive to the petition Plaintiff filed in 2006.  Plaintiff was instructed to submit a
6  form application, which was again provided, to the Ninth Circuit Court of Appeals seeking leave
7  to file a second or successive petition.  (*See Rogers v. Domingo, et al.*, 10cv0707 MMA (BLM)
8  Summary Dismissal of Successive Petition pursuant to 28 U.S.C. § 2244(b)(3)(A) Gatekeeper
9  Provision dated April 26, 2010.)

10  Plaintiff did seek permission with the Ninth Circuit in both matters to file a second or
11  successive petition. On both occasions, the Ninth Circuit denied Plaintiff's request.  *See Rogers*
12  *v. Almager*, 9th Cir. Ct. App. Doc. No. 07-74653; *see also Rogers v. People of the State of Cal.,*
13  9th Cir. Ct. App. Doc. No. 10-73249.

14  There appear to be two arguments that form the basis of Plaintiff's access to courts claim.
15  First, he alleges that prison officials held his mail from the court including the Order dismissing
16  his Petition in the 2006 case.  This falls short of an access to courts claim as the Court's docket
17  reflects that Plaintiff was able to file a Notice of Appeal in that matter, along with a Motion for
18  Certificate of Appealability.  There is no reference in the docket in the District Court or the
19  Ninth Circuit Court of Appeals docket noting any denial of a claim or dismissal of an action on
20  the grounds that it was untimely.  The fact that Plaintiff did not initially receive notice of the
21  Court's ruling in the 2006 matter until a few months after it was entered did not have any impact
22  on his ability to pursue an Appeal.   Thus, Plaintiff cannot show an "actual injury" based on the
23  alleged failure to receive a copy of the Court's dismissal in a timely manner.

24  The second argument appears to be Plaintiff's claim that he was provided insufficient law
25  library time to pursue his ability to file a second or successive Petition in 2010.  (*See* FAC at 5.)
26  Plaintiff also claims that Defendants failed to acknowledge a statutory deadline in 2010.  (*Id.*)
27  The Court takes judicial notice that Plaintiff filed an Application for leave to file a second or
28  successive petition on October 22, 2010 that was in excess of sixty (60) pages.  (*See Rogers v.*

*The People of the State of Cal.*, 9th Cir. Ct. App. Doc. No. 10-73249 (Doc. 1).) This application was denied on the grounds that "Petitioner has not made a prima facie showing under 28 U.S.C. § 2244(b)(2). (*Id.*, Jan. 12, 2011 Order denying application for authorization to file a second or successive petition.) Again, Plaintiff's application was not denied on the grounds of untimeliness or failure to meet a statutory deadline. Moreover, this was Plaintiff's second attempt to obtain permission to file a second or successive petition. In 2008, well before Plaintiff's claims of inadequate law library time, the same request had been rejected by the Ninth Circuit. Plaintiff simply cannot allege facts to show that prison officials played any role in the denial of his request by the Ninth Circuit Court of Appeals.

Plaintiff's allegations are frequently inconsistent with what can be found in the dockets of the cases cited to by Plaintiff. Plaintiff's allegations, while far from clear, paint a picture that he was constantly thwarted by prison officials causing his cases to be dismissed. The record of the various Courts show that he was able to fully litigate these matters and his initial petition was dismissed on the merits.

Thus, the Court finds that Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Therefore, the Court finds that Plaintiff has failed to state an access to courts claim.

For all these reasons, the Court finds that Plaintiff's First Amended Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

/ / /

### III. Motion for Appointment of Counsel [ECF No. 7]

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, as shown above, Plaintiff's action does not meet the threshold inquiry as to whether he has a likelihood of success on the merits and he is able to articulate his claims. Accordingly, the Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### IV. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel [ECF No. 7] is **DENIED**.

2. Plaintiff's First Amended Complaint [ECF No. 6] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). The Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without

1 | leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907
2 | (9th Cir. 1996)).

4 | Dated: October 3, 2011

*/s/ Barry Ted Moskowitz*
**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge